IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDAN SODIKOFF,<br><br>                   Plaintiff,<br><br>     v.<br><br>RH, US LLC,<br><br>                   Defendant. | Case No. 1:19-cv-06543<br><br>The Honorable Robert M. Dow, Jr. |

**JOINT MOTION FOR LEAVE TO FILE SETTLEMENT AGREEMENT UNDER SEAL**

Plaintiff Brendan Sodikoff ("Mr. Sodikoff") and Defendant RH, US LLC ("RH") (collectively, the "Parties") respectfully move the Court, under Local Rules 5.8 and 26.2, for an order granting leave to file the Parties' settlement agreement under seal. In support of this Motion, the Parties state as follows:

1. At a status hearing on January 8, 2020, counsel for the Parties informed the Court that the Parties had agreed to a settlement in principle. The Parties further informed the Court that they planned to seek the Court's approval of the settlement because Mr. Sodikoff's complaint asserted a claim under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (IWPCA).

2. As of January 24, 2020, the Parties have fully executed their settlement agreement. (*See* Settlement Agreement, Ex. 1; provisionally filed under seal.) Separately, the Parties have jointly moved this Court to approve the settlement agreement. (Dkt. 24.) The Parties' settlement agreement includes certain private financial information. (Ex. 1 at 2-3.) It also includes other confidential details of their business arrangement. (*See, e.g.*, i*d.* at 2-4, 10-

1

11.) Due to the sensitivity of the information within the agreement, the Parties have agreed to keep the terms of the settlement agreement confidential. (*Id.* at 14.)

3. Orders to seal one or more documents or portions of documents may be made upon a showing of "good cause." *County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007).

4. Good cause exists where "privacy interests of the litigants . . . predominate in the particular case." *Id.* Documents should also be sealed when they contain "legitimately confidential information to which [the Parties'] competitors should not be entitled and which the American public does not need to know in order to evaluate the handling of th[e] litigation by the judiciary." *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003).

5. Here, good cause exists because the privacy interests of the litigants predominate in this case. First, the assurance of confidentiality was a significant factor in effectuating the settlement. Therefore, making the agreement public would defeat the desired interests of the Parties and discourage settlements in similar cases in the future.

6. Second, if the agreement is made public, certain financial details, including consideration paid to Mr. Sodikoff individually would be in full public view. The public does not need to know these private financial considerations to evaluate the handling of this litigation. Moreover, RH and Mr. Sodikoff have a valid interest in preventing their respective competitors in the industry from knowing the terms of their confidential settlement. Due to the confidential nature of such private information, other courts have maintained individual compensation under seal. *See, e.g.*, *City of Greenville, Ill. v. Syngenta Crop Prot., Inc.*, No. 10-CV-00188-JPG-PMF, 2012 WL 6023849, at *2 (S.D. Ill. Dec. 4, 2012) (noting that disclosing an individual's "salary

2

would not shed light on the rationale supporting any issue, argument, or judicial decision made in this case").

7. Third, the settlement agreement provides certain details of the terms of RH's business relationship with Mr. Sodikoff and his companies regarding the 3Arts Club Café. The 3Arts Club Café is a highly successful restaurant and RH's competitors would be provided an unearned competitive advantage if they had access to details regarding RH's business arrangements. Documents that "might give other [companies] an unearned competitive advantage" are properly filed under seal. *SmithKline Beecham Corp.*, 261 F. Supp. 2d at 1008.

WHEREFORE, the Parties respectfully request that this Court grant leave for the Parties to file their settlement agreement under seal.

Dated: January 27, 2020                    Respectfully submitted,

By:  /s/ *Adam A. Hachikian*               By:  /s/ *LaRue L. Robinson*
     One of the Attorneys for Plaintiff         One of the Attorneys for Defendant

Steven L. Brenneman (ARDC #6190736)        David M. Greenwald (ARDC #6194036)
Adam A. Hachikian (ARDC #6283021)          LaRue L. Robinson (ARDC #6300688)
**Fox Swibel Levin & Carroll LLP**         **Jenner & Block LLP**
200 W. Madison St., Suite 3000             353 North Clark Street
Chicago, IL 60606                          Chicago, IL  60601
Phone:  (312) 224-1200                     Phone:  (312) 222-9350
SBrenneman@foxswibel.com                   DGreenwald@jenner.com
AHachikian@foxswibel.com                   LRobinson@jenner.com

                                           Wesley E. Overson (admitted *pro hac vice*)
                                           Derek F. Foran (admitted *pro hac vice*)
                                           Diana Maltzer (admitted *pro hac vice*)
                                           Mallory Morales (admitted *pro hac vice*)
                                           **Morrison & Foerster LLP**
                                           425 Market Street
                                           San Francisco, CA 94105-2482
                                           Phone:  (415) 268-7000
                                           WOverson@mofo.com
                                           DForan@mofo.com
                                           DMaltzer@mofo.com
                                           MMorales@mofo.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Joint Settlement for Leave to File Settlement Agreement Under Seal was filed on January 27, 2020 with the Clerk of the Court using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

By: */s/ LaRue L. Robinson*